

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

No. 2:20-cv-426

HASAN SHAREEF,

            Plaintiff

v.

JUDGE WILLIAM O'DONNELL, *et al.*,

            Defendants.

**MEMORANDUM ORDER**

**J. Nicholas Ranjan, United States District Judge**

  This is a *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

  Currently before the Court is a Report & Recommendation [ECF 20] filed by Judge Lenihan on July 14, 2020, recommending that the Court dismiss Mr. Shareef's complaint based on *res judicata*, Eleventh Amendment immunity, judicial immunity, and failure to state a claim. The parties were notified that, pursuant to 28 U.S.C. § 636(b)(1), objections to the Report & Recommendation were due by July 31, 2020. The Court

subsequently received various filings from Mr. Shareef—a letter on July 14, 2020 [ECF 21], a second letter on July 27, 2020 [ECF 22], a document entitled "Motion Failure to State a Claim for Which Relief May be Granted" on July 27, 2020 [ECF 23], a third letter containing citations to case law and other arguments on July 27, 2020 [ECF 24], and a filing entitled "Permission to Appeal and Notice of Appeal" on August 3, 2020 [ECF 25]. Mr. Shareef then filed a notice of appeal to the Third Circuit on August 10, 2020. [ECF 26].

The Court will collectively construe these filings as Mr. Shareef's objections to Judge Lenihan's Report & Recommendation and, given Mr. Shareef's *pro se* status and filings before the deadline, consider them all to be timely. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must make a *de novo* determination of any portions of the Report & Recommendation to which objections were made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

The Court has carefully reviewed Mr. Shareef's filings, many of which are difficult to interpret and appear to expound upon many of the same allegations that he made in his complaint. One thing, however, is clear—even when construed liberally, the "objections" do not reveal any legal basis for rejecting Judge Lenihan's well-reasoned conclusion that Mr. Shareef's claims are barred by the combination of *res judicata*, Eleventh Amendment immunity, judicial immunity, and the failure to identify a "policy" or "custom" to support his claims against certain police departments.

Thus, upon *de novo* review of the Report & Recommendation and Mr. Shareef's objections thereto, the following order is now entered.

**AND NOW,** this **12th day of August, 2020**, it is **ORDERED** that the Report & Recommendation [ECF 20] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Mr. Shareef's complaint is dismissed pursuant to 28 U.S.C. §

1915(E)(2)(B)(ii)-(iii) and 28 U.S.C. § 1915A(1)-(2). The Court finds that amendment of Mr. Shareef's claims would be futile, and so this dismissal is **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, upon entry of final judgment by the Court, the Clerk of Court mark this case **CLOSED**.

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Mr. Shareef has thirty (30) days from the date of this order to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

DATED this 12th day of August, 2020.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge